ECEDRO THOMAS and MARGARITA THOMAS,
Surviving Parents of ARLENE THOMAS,
Deceased Minor, Plaintiffs

v.

GOVERNMENT OF THE VIRGIN ISLANDS, Defendant

Civil No. 213-1971

District Court of the Virgin Islands

Div. of St. Thomas and St. John

September 2, 1971

VERNE A. HODGE, ESQ., Charlotte Amalie, St Thomas, V.I., *for the plaintiff*

BRUCE MacGIBBEN, ESQ., Assistant Attorney General, Charlotte Amalie, St. Thomas, V.I., *for the defendant*

CHRISTIAN, *Chief Judge*

## OPINION

This is an action brought by plaintiffs, Ecedro Thomas and Margarita Thomas, to recover damages for the wrongful death of their 7 year old daughter, Arlene Thomas. In their complaint, plaintiffs allege that the public school authorities negligently released their daughter from school on a day of heavy rains and flooding without taking the necessary and proper precautions for her safe transport home. This is the negligence which they assert, proximately resulted in the death of their daughter by drowning. The suit is presently before the Court on the motion of defendant, the Government of the Virgin Islands, to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for (a) failure to state a claim upon which relief can be granted; (b) lack of jurisdiction over the Government; and (c) lack of jurisdiction over the subject matter.

The jurisdictional foundation on which these plaintiffs rely in bringing this suit is an enactment of the Legislature of the Virgin Islands, Bill No. 4644, passed by the Legislature as Act No. 2877, signed into law by the Governor

of the Virgin Islands on December 4, 1970. That Act, set out in full in the margin,[1] purports to waive the sovereign immunity which devolves upon the Government of the Virgin Islands by virtue of the Revised Organic Act of the Virgin Islands.

Section 2(b) of the Revised Organic Act provides:

The Government of the Virgin Islands shall have the powers set forth in this chapter and shall have the right to sue by such name and in cases arising out of contract, to be sued: Provided, That no tort action shall be brought against the Government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the Legislature constituted by subchapter III of this chapter.[2]

In interposing its motion to dismiss, the Government avers that its sovereign immunity has not been properly waived. The gist of the Government's contentions in support of its motion to dismiss is that Act No. 2877 is a special law in violation of 48 U.S.C. § 1471 and hence beyond the scope of authority vested in the Legislature by

---

[1] An Act to Consent to the Institution of an Action in the Courts of the Virgin Islands Against the Government of the Virgin Islands by Ecedro Thomas and Margarita Thomas, surviving Parents of Arlene Alicia Thomas, a 7 Year Old Minor, in Connection With the Drowning of Said Minor.

§ 1. Ecedro Thomas and Margarita Thomas, surviving parents of the deceased minor, Arlene Alicia Thomas, are hereby authorized through their legal representative or representatives to file suit against the Government of the Virgin Islands for damages for the wrongful death of the said Arlene Alicia Thomas of St. Thomas which occurred when she was released from the Nisky School during the flood of October 7, 1970 and was then washed into a gutter by the force of the flood waters and drowned.

§ 2. For the purpose of this Act and the adjudication of any such claim for damages, the immunity of the Government of the Virgin Islands to such is hereby waived and Ecedro Thomas and Margarita Thomas, through their legal representative or representatives, may proceed against the Government of the Virgin Islands as in the case of any other defendant, subject to the same procedures and defenses except for the defense of immunity from suit which defense is hereby waived. Nothing contained in this Act shall be construed as an admission of liability of the Government of the Virgin Islands.

§ 3. The claimants, Ecedro Thomas and Margarita Thomas, shall commence the action authorized by this Act through their legal representative or representatives within six (6) months from the effective date of this Act.

[2] 48 U.S.C. § 1541(b) (1954).

the Revised Organic Act.[3] Under section 1471, legislatures in the territories of the United States are prohibited from passing special laws in any of twenty-four enumerated categories. Included within the listed prohibitions is the,

Granting to any individual any special or exclusive privilege, immunity or franchise whatever.

Also listed in that section is the general proscription that,

In all other cases where a general law can be made applicable, no special law shall be enacted in any of the Territories of the United States by the Territorial legislatures thereof.

In Smith v. Government of the Virgin Islands,[4] an Act of the Legislature of the Virgin Islands authorizing the transfer of a plot of land to a designated individual was struck down under section 1471 as a special law. In discussing the operations of principle embodied in the Federal Statute, the Court cited and discussed with approval the case of Cox v. State.[5] That case involved a restriction against special legislation found in section 18, article 3 of the Constitution of Nebraska, which is essentially the same as the two provisions quoted above from section 1471.[6] The Nebraska Legislature had passed a bill waiving its sovereign immunity for the benefit of a single plaintiff. The Nebraska Supreme Court held that waiver to be void and unconstitutional stating:

"Legislative Bill No. 20 involves the right of an individual to sue the state, and the state in such bill creates a liability in the individual's favor that heretofore did not exist by virtue of general statute. The Legislature is without force to pass a special law

---

[3] Section 8(a), 48 U.S.C. § 1574(a) (1954), provides: "The legislative authority and power of the Virgin Islands shall extend to all rightful subjects of legislation not inconsistent with this chapter or the laws of the United States made applicable to the Virgin Islands . . . ."
Section 1471 is expressly applicable to the Virgin Islands. See Smith v. Government, 6 V.I. 136, 143–148, 375 F.2d 714 (3rd Cir. 1967).

[4] 6 V.I. 136, 375 F.2d 714 (3rd Cir. 1967).

[5] 134 Neb. 751, 279 N.W. 482.

[6] 279 N.W. at 485.

creating a liability in behalf of an individual and authorizing such individual to institute suit, in the absence of a general statute providing liability on the part of the state for the negligence of its agents and servants." (citations omitted.)

█ Now that the precise issue presented in Cox is squarely before this Court, and with the approval of the Third Circuit Court of the teaching of that case in mind, I adopt the holding of Cox, that a legislative waiving of immunity in behalf of an individual in an ad hoc fashion is enactment of a special law, proscribed by the language of section 1471, quoted above.

█ A further reason for invalidating Act No. 2877 is that it violates the equal protection clause of the United States Constitution as extended to the Virgin Islands by the Revised Organic Act of 1954, as amended.[7] It has been repeatedly held that privileges or benefits provided by government cannot be conferred or denied on the basis of arbitrary or discriminatory classifications, e.g. Shapiro v. Thompson, 394 U.S. 618 (1969) (that welfare benefits cannot be denied on basis of durational residency test); Levy v. Louisiana, 391 U.S. 68 (1968) (prohibiting exclusion of illegitimate children from bringing suit under state wrongful death statute). Where others are barred from suit by the sovereign immunity of the government, the entitlement to bring suit and to recover against the government is a privilege or benefit akin to bringing suit under a wrongful death statute as in Levy, or receiving welfare benefits as in Shapiro. Moreover, Act No. 2877 which confers the benefit of the Legislature's consent to suit on a closed class of a single individual, has similarly run afoul of equal protection by creating an arbitrary and discrimina-

---

[7] The following provisions of and amendments to the Constitution of the United States are hereby extended to the Virgin Islands to the extent that they have not been previously extended to that territory and shall have the same force and effect there as in the United States or in any state of the United States: . . . the second sentence of section 1 of the fourteenth amendment; Pub. L. 90–496, § 11, 82 Stat. 841, 1968.

tory classification. A statute exempting a named company from state regulatory requirements was invalidated for this reason in Morey v. Doud.[8] Such a statute, altogether lacking in criteria, or classification, or articulation of reasons that might relate the statutory class, such as it is, to its purpose, instead of singling out a specific individual, by name as the beneficiary of its largesse is an unmitigated paradigm of arbitrariness. Confronted by such a law, the Court is unable to determine whether "any state of facts reasonably can be conceived that would sustain it."[9] True, the mind of the Legislature, whether guided by principle or caprice, is not open to inspection by the Court. But, if a legislative waiver of immunity is to pass constitutional muster, it must be phrased in general terms that will apply to all persons similarly situated.[10]

■ Plaintiffs have suggested that the invalidity of Act No. 2877 should not determine their right to maintain this action. They argue that the repeated passage of consent statutes by the legislature has amounted to an implied general consent to all persons to sue the government in tort. The simple and direct answer to that argument is that each ad hoc consent was itself invalid, and the sum of these infirm laws cannot amount to one that is sound. The Legislature can act only through enactment of laws and there has been no valid law granting its consent to suit in behalf of these plaintiffs. No consent may be implied.

The defense of sovereign immunity has been properly raised by the government despite approval of the law by the very chief executive whose legal arm now challenges its validity. The government is not bound by an invalid enact-

[8] 354 U.S. 457 (1957).
[9] Lindsey v. Natural Carbonic Gas Co., 220 U.S. 61, 78 (1911), cited in Morey v. Doud, supra, 464.
[10] See Sirrine v. State, 128 S.E. 172 (1925) (special law waiving sovereign immunity invalidated on equal protection grounds).

ment.[11] Accordingly, a tort suit brought under an assumed consent such as Act No. 2877 would, I hold, be barred by § 2(b) of the Revised Organic Act.

■ The foregoing notwithstanding, the Court has decided to give its ruling in this case prospective application only. It will bar only cases filed subsequent to the date of this opinion. In so doing, reliance has been placed on the unvarying practice of the Legislature of passing special laws to exercise the requisite consent in tort suits against the Government. Similar laws have been before this Court and the United States Court of Appeals for the Third Circuit without challenge to or comment on their validity. See for example, Collins v. Government of the Virgin Islands,[12] a personal injury action in which the Circuit Court stated:

[The] Government [of the Virgin Islands], like the States of the Union of the United States, is immune from suits in actions sounding in tort . . . . [The] Government waived this immunity when it enacted Act No. 921.

Act No. 921 was also a special law. To require these plaintiffs, who relying on the customary practice, obtained the consent of the Legislature to now wait upon the enactment of a valid general consent statute would be to cause them unnecessary hardship. Countless tort suits against the Government have passed through this Court unchallenged, grounded upon what I now hold to be invalid enactments. One more will not topple the Government.

The Supreme Court of the United States has given its approval to prospective judicial rulings "whenever injustice or hardship will thereby be averted"[13] or where the state of the law prior to the determination of invalidity has "con-

---

[11] See Cox v. State, supra, where the attorney general raised the sovereign immunity defense under circumstances similar to those existing in this case. Cf. Maisonette Apartments, Inc. v. Government, 6 V.I. 76 (1967).

[12] 366 F.2d 279, 282 (1966).

[13] Great Northern R. Co. v. Sunburst Oil & Ref. Co., 287 U.S. 358, 364 (1932).

sequence which cannot justly be ignored."[14] Where, as here, parties have relied upon a long standing and unchallenged understanding of the law, the expenses of prosecuting their claim which they have undertaken pursuant to such reliance, should not be ignored.

It is not inappropriate that all cases heretofore prosecuted in reliance on the Legislature's practice of granting its consent by special law should remain settled. The defense of sovereign immunity will be enforced in cases filed after this date, unless brought pursuant to a general consent statute.

---

[14] Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 374 (1939). See generally Linkletter v. Walker, 381 U.S. 618, 622–29 (1965); 1B Moore's Federal Practice, 198–208 (2d Ed. 1965).