LOIS SILVERLIGHT and IRWIN SILVERLIGHT

v.

JAMES HUGGINS and GOVERNMENT OF THE
VIRGIN ISLANDS
GOVERNMENT OF THE VIRGIN ISLANDS, Appellant

No. 73-1008

BRENDAN CONROY

v.

GOVERNMENT OF THE VIRGIN ISLANDS, et als.
GOVERNMENT OF THE VIRGIN ISLANDS, Appellant

No. 73-1009

DENISE I. GARCIA, ETC., et als.

v.

MANNASSAH BUS LINES, INC., IVAN CAESAR and WILLIAM
H. EVANS et als.

v.

GOVERNMENT OF THE VIRGIN ISLANDS
GOVERNMENT OF THE VIRGIN ISLANDS, Appellant

No. 73-1010.

United States Court of Appeals

Third Circuit

Argued April 10, 1973

Filed November 27, 1973

HENRY L. FEUERZEIG, ESQ., Assistant Attorney General, St. Thomas, V.I., *for appellant*

NORMAN SCHULANER, ESQ. (NICHOLS & SILVERLIGHT), Christiansted, St. Croix, V.I., *for appellee*

Before ADAMS, GIBBONS, *Circuit Judges*, and LORD, *District Judge*

OPINION OF THE COURT

JOSEPH S. LORD, III, *District Judge*

These are interlocutory appeals from orders of the District Court of the Virgin Islands of the United States denying the motions of the Government of the Virgin Islands ("Government") to dismiss the claims asserted against it in three actions under the 1971 Virgin Islands Tort Claims Act, 33 V.I.C. §§ 3408–3414. The issues before us involve the application of the Tort Claims Act to these actions where the incidents giving rise to claims against the Government arose before November 15, 1971, the effective date of the Act.

Lois Silverlight was allegedly involved in an accident with a Government-owned vehicle on August 27, 1970. Brendan Conroy's claim grew out of an alleged accident on October 20, 1971. Denise Garcia claims to have been injured while alighting from a bus on October 24, 1969, for which she filed suit against various defendants (not including the Government) on June 22, 1971. Several of the Garcia defendants have asserted third-party plaintiff actions against the Government for contribution or indemnification. The Silverlight and Conroy actions and the third-party complaints in Garcia under the 1971 Tort Claims Act were all filed after the enactment date of November 15, 1971.

The 1971 Tort Claims Act is a general waiver of sovereign immunity and assumption of liability for torts caused by employees of the Government. The district court concluded that the 1971 Act, which is silent as to retrospective or prospective application, had been enacted in response

640

to the legal and constitutional infirmity of the prior practice whereby the sovereign immunity of the Virgin Islands was waived on an individual basis pursuant to special legislation. That special legislation procedure was struck down as a denial of equal protection and a violation of 48 U.S.C. § 1471 in Thomas v. Government of the Virgin Islands, 333 F.Supp. 961 (D.V.I. 1971), on September 2, 1971, some two and a half months before the enactment of the new Tort Claims Act. The district court concluded that the new Act was designed to cure the failure of the pre-existing scheme to compensate tort victims and was therefore not subject to the presumption against retroactivity. Rather, the court said, curative legislation is often presumed to operate retroactively in the absence of contrary intent. The court concluded that the curative objectives of the legislature would be implemented by applying the 1971 Tort Claims Act retroactively. We hold that the conclusions of the district court as to retroactivity are sound, considering the history of the 1971 Tort Claims Act.

In May, 1971, before the decision in Thomas, supra, Governor Melvin H. Evans wrote a letter to the Legislature of the Virgin Islands expressing his doubts as to the continued legality of the existing procedure of passing special acts.[1] One month later, Governor Evans submitted to the legislature Bill #5117 which was to become the 1971 Tort Claims Act. His accompanying message voiced his desire to eliminate the then current but questionable practice of special bills and to waive sovereign immunity in all tort liability actions against the Government. While the bill was pending before the legislature, on September 2, 1971, the district court struck down the special act procedure, as

---

[1] These doubts were based primarily on the Attorney General's interpretation of Smith v. Government of the Virgin Islands, 375 F.2d 714 (C.A. 3, 1967), in which the court held that the proscription against special acts in 48 U.S.C. § 1471 applied to the Virgin Islands.

Governor Evans had feared. Thomas, supra. Shortly thereafter, on October 6, 1971, the bill was presented to the legislature by Peter O'Dea of the Office of the Attorney General, with an explanation of why the decision in Thomas necessitated its enactment.[2] The Act was passed and signed into law by the Governor on November 15, 1971.

■ Curative legislation is legislation designed to rectify a governmental scheme which has failed in purpose, and is generally intended to operate on past transactions. Fullilove v. U.S. Casualty Co. of New York, 129 So.2d 816, 824 (La. App. 1961) (also concerning retroactivity of a tort claims statute); see also Frazier v. Goddard, 63 F.Supp. 696, 697 (E.D. Okla. 1945). The Virgin Islands scheme of selectively compensating tort victims failed in its purpose when it was found illegal and unconstitutional in Thomas. The legal and constitutional deficiencies could be eradicated in one of two ways, either by doing nothing, thereby leaving all tort victims with no redress against the Government, or by waiving immunity in general for all persons with claims, which the legislature did on November 15,

---

[2] (Comments by Peter O'Dea, Office of the Attorney General, after reading of Bill No. 5117.)

"* * * Senator Maduro and members of the Legislature, this bill was prepared by the Office of the Attorney General some time before Judge Christian entered a decision in a case, about two months ago, where he held specifically that the practice of the Legislature in passing special bills allowing individuals named therein to bring actions against the Government of the Virgin Islands in cases involving torts, were no longer, in his opinion, valid. The case that he ruled on, however, he made an exception so that that particular case can go forward, and he would not apply his ruling to that case. Now, even before he entered this decision, about two months ago, as I said, our office had started working on such a bill, because in an earlier case cited some two years ago by the Third Circuit [sic]. The Third Circuit also hinted at the fact they do not think that this type of special legislation was valid. However, as I said, the Third Circuit only hinted at the point. Judge Christian nailed it down without any hesitation. So that we are now faced with a situation that all that— in the future the court will strike down special bills. And for that reason basically this bill has been prepared. The bill itself is patterned after the Federal Tort Claims Law."

(Cited in Appellees' brief, pp. 7–8.)

1971.[3] It is obvious to us that the Government was sincerely concerned that its damaged citizens not remain uncompensated. This concern is evident from the reasons given for the introduction of the bill and the speed with which it was enacted after the Thomas decision. There is no apparent motive to exclude from the sweep of this concern persons whose cause of action arose before the enactment of the 1971 Act but who had not yet filed suit at the time Thomas was decided. Therefore, we conclude that the statute was curative in nature and intended to apply to causes of action accruing before the date of its enactment.

The Government raises the additional argument that a waiver of sovereign immunity is not to be implied. But that is not the question here; the Government has now explicitly waived its immunity to tort claims. The application of that general waiver to a limited number of additional plaintiffs is not the sort of interference with the sovereign which must be cautiously avoided. As Justice Cardozo said in Anderson v. John L. Hayes Construction Co., 243 N.Y. 140, 147, 153 N.E. 28, 29–30 (1926), cited with approval by the Supreme Court in United States v. Yellow Cab Company, 340 U.S. 543, 554 (1951): "The exemption of the sovereign from suit involves hardship enough, where consent has been withheld. We are not to add to its rigor by refinement of construction where consent has been announced." There is no reason why a statute which waives sovereign immunity in general cannot be interpreted to waive immunity as to previously accrued causes of action. We hold that this statute does accomplish such waiver.

---

[3] Judge Christian made the Thomas decision prospective only:
 "To require these plaintiffs, who relying on the customary practice, obtained the consent of the Legislature *to now wait upon the enactment of a valid general consent statute* would be to cause them unnecessary hardship." [Emphasis added.]
333 F.Supp. at 965.
 Judge Christian was powerless to *cure* the problems of unequal treatment by special laws except by forbidding any such acts; he could not effectuate a general waiver. Only the legislature could, and in response to his apparent entreatment, they did.

■ While holding the statute retroactive in application, the district court failed to consider the *extent* of retroactivity. However, implicit in the district court's orders denying the motions to dismiss, including that of the third-party defendants, is a holding that the Act has unrestricted retroactive application. In order to determine whether those interlocutory orders should be affirmed or reversed, we must decide how far back in time the Act reaches. With little guidance on this question either from the court below, or from counsel on either side, we look to the provisions for the time of filing claims of the 1971 Tort Claims Act itself. The same bases for imposing a reasonable statute of limitations on actions arising after the date of the Act apply to restrict its retroactive effect to a similarly reasonable period of time. Furthermore, appellees apparently concede these provisions as the applicable limitation to their actions. Appellees' brief pp. 32–33.

Section 3409 of 33 V.I.C. provides that an action to recover damages for injury to property or for personal injury against the Government shall be filed within ninety days of the accrual of such claim. In the alternative, a notice of intention to file a claim shall be filed within ninety days, and a claim filed within two years of accrual of such claim. However, even if no notice or claim has been filed within ninety days, the court in its discretion may allow suit to be brought within two years if (1) there is a reasonable excuse for failure to file sooner, (2) the Government or the appropriate subdivision had actual knowledge of the facts constituting the claim within ninety days after the accrual of such claim, and (3) the Government has not been substantially prejudiced by the failure to give notice within ninety days.

Plaintiff Silverlight filed suit seventeen months after her alleged accident. Plaintiff Conroy filed suit three months and four days after his claim arose. As to these two claim-

ants we remand to the district court to determine whether their actions should be allowed to proceed based on the criteria outlined above.[4]

As to plaintiff Garcia, her claim arose on October 24, 1969, over two years before the enactment of the Tort Claims statute. Defendants and third-party plaintiffs, William H. Evans, James A. Evans, Jr., Elliott Layfield, d/b/a Jebco Services, and Reginald Whyte seek to hold the Government liable for contribution and indemnification, regardless of the validity of plaintiff Garcia's claim against the Government. They cite Keleket X-Ray Corp. v. United States, 275 F.2d 167, 168–69 (C.A.D.C. 1960) and Kantlehner v. United States, 279 F.Supp. 122, 128 (E.D.N.Y. 1967) for the proposition that a suit against the sovereign for contribution or indemnification may be maintained even after the statute of limitations has barred an action by the plaintiff against the government, and that such action for contribution or indemnification does not accrue until the third-party plaintiff is held liable to the plaintiff. However, these cases involved situations in which the plaintiff *at one time* had a valid cause of action against the sovereign, which was barred only by plaintiff's failure to file suit in time. The court in Keleket specifically distinguished cases in which the sovereign could not have been sued by plaintiff at any time. Similarly, in Newport Air Park, Inc. v. United States, 419 F.2d 342, 347 (C.A. 1, 1969), the court made it clear that " * * * contribution cannot be had from the government when the government was under no tort liability to the injured party."

Here we are not concerned with a claim against the sovereign which once existed, but became time-barred. Rather, because we hold the waiver of immunity retroactive

---

[4] We leave to the district court to determine whether an application or petition for a private bill within ninety days, even though denied, should be considered as a substitute for a notice of intent to file suit within the terms of the Tort Claims statute.

only to causes of action which accrued within two years before November 15, 1971, Denise Garcia never had a valid cause of action against the Government. If plaintiff Garcia could not have sued the Government directly, defendants as third-party plaintiffs are barred from maintaining an action against the Government for contribution or indemnification.

The third-party claims of William H. Evans, James A. Evans, Jr., Elliott Layfield, d/b/a Jebco Services, and Reginald Whyte will be remanded to the district court with directions to dismiss. The claims of Lois and Irwin Silverlight and Brendan Conroy will be remanded for consideration in light of this opinion.

Reversed in part and remanded for further proceedings in light of this opinion.