NORMAN A. EDWARDS and LA VERNE EDWARDS and
SYLVIA E. EDWARDS, Plaintiffs

v.

VITELCO and ANTONIO SASSO VILLANUEVA, Defendants

Civil No. 284-73

District Court of the Virgin Islands

Div. of St. Croix

June 9, 1975

HODGE, SHEEN, FINCH & ROSS, ESQS. (DEREK M. HODGE, of counsel), Christiansted, St. Croix, V.I., *for plaintiffs*

NICHOLS & SILVERLIGHT, ESQ. (IRWIN J. SILVERLIGHT, of counsel), Christiansted, St. Croix, V.I., *for defendants*

YOUNG, *District Judge*

## MEMORANDUM OPINION AND ORDER

Plaintiffs move pursuant to Rule 15 of the Federal Rules of Civil Procedure to amend the complaint in this wrongful death action (1) to include a claim for damages based upon the mental anguish suffered by the survivors of the decedent and (2) to add as defendants ITT Caribbean Manufacturing, Inc., and ITT Caribbean Sales and Service, Inc.

## I.

Defendants have filed a "Memorandum of Law in Opposition to Leave to Amend Complaint," wherein they contest the retroactive application of the Virgin Islands wrongful death statute, as amended, and thereby request a reconsideration of this Court's recent opinion in Henry v. Government of the Virgin Islands, Civ. No. 322-1973 (filed January 13, 1975). In that case, I found that our wrongful death statute, as amended by Act No. 3556 of the Tenth legislature and approved on April 29, 1974, should be applied retroactively. This determination was based

upon: (1) the fact that Act No. 3556 provided no date upon which it would become effective; (2) the legislative intent, clearly expressed in Section 1(a), that the act is *remedial* in nature and should thus be liberally construed to shift the losses in a wrongful death action from the survivor of the decedent to the wrongdoer; (3) the Act, having been taken virtually verbatim from the Florida Wrongful Death Act, omitted that clause of the Florida statute which established prospective application only. Moreover, the recent Third Circuit decision in Silverlight v. Huggins, 488 F.2d 107 (3d Cir. 1973), in which the Court held the Virgin Islands Tort Claims Act to be retroactive in application, was based primarily upon the curative nature of the legislation involved.

Defendants in the instant action urge this Court to overrule its position in Henry, supra., primarily on the authority of 1 V.I.C. § 52, enacted by the Virgin Islands legislature on December 6, 1972. Section 52, originating in Act No. 3348 of the Ninth Legislature, provides:

Unless otherwise provided therein, the effective date of bills enacted by the legislature shall be the date of approval of same by the Governor, or the date such bill becomes law without his approval as provided in Section 9, subsection (d) of the Revised Organic Act of 1954.

Defendants argue that this provision, approved prior to the enactment of 5 V.I.C. § 76, as amended, fills in the void created by the absence of an effective date in the latter statute; that, given this specific legislative pronouncement on the effective dates of subsequently enacted Virgin Islands statutes, the normal rule of retroactivity, as stated in Silverlight v. Huggins, supra, is effectively supplanted. In other words, defendants would have this Court read Section 52 to mean that unless retroactive application of a given provision is stated expressly in the statute, it will be given prospective effect only.

■■ There is nothing on the face of Section 52 or in its meager legislative history to justify such a broad interpretation. It is clear that there exists a distinction between the time when a bill becomes law and the time when it goes into effect and begins to operate. State ex rel. Bishop v. Board of Education, 40 N.E.2d 913, 919 (Ohio 1942). Section 9(d) of the Revised Organic Act of 1954 sets forth the manner and procedure by which a legislative bill becomes the law of the Virgin Islands. Prior to the enactment of 1 V.I.C. § 52, however, the Virgin Islands Code was devoid of a provision which specified the effective dates of acts which were internally silent on the subject. Section 52 merely codifies the common law maxim that where no effective date is fixed by the statute itself, it becomes effective on the date of its passage or enactment into law. See, e.g., Robertson v. Bradbury, 132 U.S. 491, 493 (1889); Robey v. Broersma, 29 A.2d 827, 830–31 (Md. 1943). If the legislature had intended to accomplish any more than this codification in its passage of Section 52, it should have done so in a more express manner.

Defendants entire argument is founded upon the assumption that a statute with an effective date cannot be applied retroactively. To be sure, the fact that no operative date was specified in the amended 5 V.I.C. § 76 was one of the bases upon which its retroactivity was founded. But it was only one of three bases, and indeed it was the least important of the three. Defendants' premise further ignores the decisions in which certain remedial statutes have been held applicable to cases pending prior to an effective date, which date was specifically stated on the face of the Act itself. A recent case in point is Koger v. Ball, 497 F.2d 702 (4th Cir. 1974), where the question presented was whether a federal employee whose complaint of racial discrimination was pending on March 24, 1972, the effective date of the Equal Employment Act of 1972, could

seek redress under the Act. The Fourth Circuit answered in the affirmative. It follows that if an effective date within the four corners of a given statute does not vitiate its retroactivity, neither then would a blanket statute which purports to provide effective dates for all statutes in which such dates were not set by the legislature. Going one step further, I find no indication, in the absence of supportive legislative history, that the legislature intended Section 52 to act as a bar to the retroactive application of remedial legislation.

## II.

Defendants next contend that to add as defendants to this litigation ITT Caribbean Manufacturing, Inc., and ITT Caribbean Sales and Service, Inc., would offend our two-year statute of limitations on wrongful death claims. The cause of action in this matter accrued on June 1, 1972, more than three years prior to Plaintiffs' request to amend the complaint. Whether or not plaintiffs should be permitted to join additional parties subsequent to the expiration of the statute of limitations period is necessarily dependent upon the applicability of the "relation back" doctrine to these facts. Rule 15(c) of the Federal Rules of Civil Procedure provides that

[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ Neither at the hearing on this matter conducted on June 4, 1975, nor in plaintiffs' affidavit was there any showing that the entities which plaintiffs seek to join in this action had the requisite notice of the institution of the instant action. See Craig v. United States, 413 F.2d 854, 858 (9th Cir), cert. denied, 396 U.S. 987 (1969). There was a further lack of showing that there exists any identity of corporate interest between the named entities and VITELCO. See 6 Wright & Miller, Federal Practice and Procedure § 1499 (1971).

### ORDER

In accordance with the foregoing Memorandum Opinion and the reasons set forth therein, it is hereby

ORDERED:

1. That plaintiff's motion to amend its complaint to include a claim for damages based upon mental anguish be and is GRANTED;

2. That plaintiffs' motion to amend its complaint to add as defendants ITT Caribbean Manufacturing, Inc., and ITT Caribbean Sales and Services, Inc., be and is DENIED.