**STANLEY HODGE, Administrator ad litem for WALTER I. M. HODGE, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS and VIRGIN ISLANDS PORT AUTHORITY, Defendant**

Civil No. 1981/146

District Court of the Virgin Islands

Div. of St. Croix

June 24, 1983

JOEL H. HOLT, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

PATRICIA M. FITCH, ESQ., St. Thomas, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on an Action for Declaratory Judgment pursuant to 28 U.S.C. § 2201. Plaintiff seeks a determination of his rights under an option to purchase clause contained in a lease agreement with the Virgin Islands Port Authority. The parties herein have stipulated to the facts and the legal issues to be decided, and have submitted supporting memoranda thereon.[1]

### THE FACTS

In 1955, the Government of the Virgin Islands (hereinafter "Government") entered into a lease agreement with Walter I. M. Hodge (hereinafter "plaintiff" or "Hodge"). Hodge, as lessee, began

---

[1] The Government of the Virgin Islands did not submit briefs, and, parties agree, is considered effectively dismissed from this action.

leasing approximately 329 U.S. Acres of undeveloped land in Estate Betty's Hope for agricultural and livestock grazing purposes. During the term of the lease, Hodge constructed a residence and made other permanent improvements on the leasehold. The lease was revised on two occasions.

A 1960 revision extended the duration of the lease to 20 years, to terminate on November 15, 1980. The final revised agreement, pertinent here, was executed in 1966 and gave plaintiff the right to renew the lease at a reasonable rental rate, and further granted him an option to purchase a small portion of the leasehold on which the house is located. Paragraph 14 of the 1966 Revised Consolidated Lease Agreement states:

> The Government hereby grants to Lessee an option, to be exercised by written notice to Government from Lessee, at any time during the term of this Lease, to purchase that certain area comprising 16.00 U.S. acres of leased premises, designated as Section No. 32 of Alexander Hamilton Airport, more particularly shown on Public Works Department Drawing No. 1897 dated May 4, 1966, the metes and bounds of which said Section 32 are set forth on the said drawing No. 1897.

On December 24, 1968, the Virgin Islands Legislature transferred administration of the leased property to the Virgin Island's Port Authority (hereinafter "VIPA"). See 29 V.I.C. § 531, et seq.

By a letter dated May 8, 1968, Hodge sent notice to VIPA of his desire to immediately exercise his option and to purchase the 16-acre tract of land. Hodge also sought to implement Paragraph 15A of the agreement which provides for the nomination and appointment of appraisers to determine the selling price of the realty. VIPA contested the validity of the option to purchase and refused to convey the parcel to plaintiff. On August 15, 1980, VIPA took the offensive, by serving Hodge with a notice to quit the premises on or by November 15, 1980, the date the lease was to expire.

The parties stipulate that the Court is to decide three issues: 1) whether the lease agreement is valid, if so 2) whether the option clause contained therein is valid, if so 3) on what date the property should be appraised in order to determine its selling price. The plaintiff here seeks only to enforce the option to purchase clause of the lease agreement and does not desire to enforce the lease as a whole. As we today hold said option to be void as product of "special legislation"; and as the lease, by its terms, expired November 15,

1980; the issues as to the validity of the lease and the date of appraisal are mooted, and will not be addressed.

## DISCUSSION

It is not contested that the lease instruments before the Court were approved by the legislature and signed by the Governor in conformity with the requisite statutory procedures.[2] See 31 V.I.C. § 205. It is, further, not contested that Hodge exercised his option within the time period as provided in the lease instrument. VIPA's contention is that Bill No. 3081, which authorized the revised lease with its option, violates 48 U.S.C. § 1471's prohibition against the passage of special legislation.[3] We agree.

The Revised Organic Act of the Virgin Islands gives the territorial legislature the general power to adopt civil or criminal laws so long as they are not inconsistent with any law of the United States applicable to the Virgin Islands. 1 V.I.C. Revised Organic Act of the Virgin Islands § 8(a) and (c) (1967). Section 1471 is applicable to the Virgin Islands and bars the Legislature from enacting special legislation enuring solely to the benefit of a particular individual.[4] Smith v. Government of the Virgin Islands, 375 F.2d 714 (3d Cir. 1967); Thomas v. Government of the Virgin Islands, 333 F.Supp. 961 (D.V.I. 1971); 48 U.S.C. § 1471. Section 1471 provides that the Legislature shall not pass special laws in a number of enumerated cases, including the "[g]ranting to any . . . individual any special or exclusive privilege, immunity or franchise whatever." 48 U.S.C. § 1471.

---

[2] Plaintiff does contest VIPA's standing to question the validity of the lease and the option clause. An option to purchase contained in a lease is a covenant which runs with the reversion and is binding upon a transferee thereof. Prout v. Roby, 82 U.S. (15 Wall) 208 (1872); See Generally 49 Am.Jur.2d Landlord and Tenant § 377 (1970). As fee holder of the parcel which Hodge seeks to purchase, VIPA certainly has sufficient interest in the realty to question the validity of the agreement sub judice. See Tyler v. Judges of Court of Registration, 179 U.S. 405 (1900). We note in passing that any taxpayer in the Virgin Islands has sufficient standing to bring an action to set aside a conveyance of realty made in contravention of 48 U.S.C. § 1471. Smith v. Government of the Virgin Islands, 329 F.2d 131 (3d Cir. 1964).

[3] VIPA also argues that the lease agreement is void as violative of restrictive covenants contained in the deed transforming title to the Government, and, that the lease is void for failure of consideration.

[4] 48 U.S.C. § 1471 was adopted by Congress to provide the territories with a safeguard against improper legislation which would usually be found in a state constitution. See Smith v. Government of the Virgin Islands, 375 F.2d 714, 718 n.14 (3d Cir. 1967).

 A privilege is "a particular and peculiar benefit or advantage enjoyed by a person . . . beyond the common advantages of other citizens." Black's Law Dictionary, 1077 (rev. 5th ed. 1979). A "special privilege" is a right, power, franchise, immunity or privilege granted to, or vested in, a person to the exclusion of others in derogation of a common right." Old Colony Trust Co. v. Omaha, 230 U.S. 100 (1912); Plattsmouth v. Nebraska Telephone Co., 114 N.W. 588 (Neb. 1908). An act which authorizes the Government to convey a specific plot of realty to a particular individual, to the exclusion of all other individuals who may wish to purchase it, confers a special privilege, Smith, supra, at 717; and is a special law in violation of § 1471. Id. at 716.

 To this Court's view, the law which authorized the Governor to execute the lease agreement containing the option clause is just the type of arbitrary, discriminatory, and objectionable legislation that § 1471 is meant to proscribe. See, id.; Thomas, supra. Bill No. 3081 singled out Hodge from all other citizens and discriminated against them by granting to him the exclusive privilege to acquire the parcel of land. The bill, thus, violates the specific prohibition of § 1471 against the passage of special legislation granting exclusive privilege and is invalid on its face. See Smith, supra. Consequently, the option to purchase clause found in paragraph 14 of the 1966 Revised Consolidated Lease Agreement is void, and a nullity, and plaintiff has no rights thereunder to purchase any portion of the leasehold.

## RESTITUTION FOR IMPROVEMENTS

This matter may not be so easily put to rest however. Donning the cloak of equity, we feel compelled to look to the issues of: whether Hodge is entitled to compensation for improvements he caused to be made upon the leasehold and, if he is entitled to compensation, what is the amount now due him. As these issues were not stipulated to and presented to the Court for decision, briefs thereon were not submitted. They are hereby requested. We are particularly interested in the applicability vel non of Restatement of Restitution § 42 (1937), 28 V.I.C. § 286, and James v. Bailey, 1974 St. C. Supp. 24 (February 6, 1974; Young, J.). As this matter cannot be wholly resolved until decision on these issues is reached, this action will be held open pending the submission of supplemental briefs and affidavits.

## ORDER

This matter is before the Court on Action for Declaratory Judgment. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED, ADJUDGED, AND DECREED:

THAT the option to purchase clause found in paragraph 14 of the 1966 Revised Consolidated Lease Agreement executed by the parties hereto be and the same hereby is DECLARED NULL AND VOID; and

THAT parties submit supplemental briefs and affidavits on the issues outstanding herein, pursuant to the following schedule:

1) Brief of Plaintiff shall be filed and served within twenty (20) days from the filing of this order; and

2) Brief of Defendant shall be filed and served within fifteen (15) days after Plaintiff's brief is filed and served; and

3) Reply brief of Plaintiff may be filed within five (5) days after service of the brief of the Defendant.