**WILLIE WILLIAMS, Plaintiff**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS and ELMO D. ROEBUCK, Defendants**

Civil No. 121/1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

January 25, 1984

ROBERT L. KING, ESQ., St. Thomas, V.I., *for plaintiff*

CAROL G. HURST, ESQ. (DUDLEY, DUDLEY & TOPPER), St. Thomas, V.I., *for defendant Roebuck*

MARIA T. HODGE, ESQ., St. Thomas, V.I., *for defendant Roebuck*

SUSAN BRUCH, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant Government of the Virgin Islands*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

The court is asked to decide whether the negligent operation of a motor vehicle by a Virgin Islands senator, who allegedly was acting within the scope of his employment, renders the Government of the Virgin Islands liable under the Virgin Islands Tort Claims Act, 33 V.I.C. § 3408 et seq. (1982 Supp.). The court concludes that it does and the motion of the Government of the Virgin Islands to dismiss will be denied.

## FACTS

The defendants, the Government of the Virgin Islands and Elmo D. Roebuck, concede that an accident took place with the plaintiff Willie Williams at approximately 6:45 p.m. on Sunday, November 20, 1982, in the vicinity of the Western Cemetery on the Harwood Highway in St. Thomas. At that time, Roebuck was operating a vehicle owned by the Legislature of the Virgin Islands while the plain-

tiff was jogging in an easterly direction on the side of the road in Roebuck's lane of travel.

Contested, however, is plaintiff's claim that Roebuck, who at the time of the accident was President of the Virgin Islands Legislature, negligently operated the vehicle so as to strike and injure the plaintiff. Also contested is the claim that at the time of the accident Roebuck was acting within the scope of his employment. Even assuming that Roebuck was acting within the scope of his employment, defendants contend that since Roebuck is an "employee" of the Legislature of the Virgin Islands he was not an employee within the meaning of the Virgin Islands Tort Claims Act because that Act did not waive the immunity of the Government for acts by legislators, but only for acts by employees of the executive branch. Therefore, the Government has moved to dismiss pursuant to Rule 12(b)(1) and (6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.[1]

## LAW

The argument that a senator is not an "employee" as defined by the Virgin Islands Tort Claims Act is a question of first impression

---

[1] The Government also argues that plaintiff's amended complaint is deficient because it fails specifically to allege that the negligent act or omission was committed by Senator Roebuck while he "was operating the automobile acting within the course and scope of his employment or for the owner's use and benefit, or upon the owner's business as an agent or servant or employee." Paragraph 4 of the amended complaint alleges:

Defendant, Elmo D. Roebuck, is a Virgin Islands Senator and at all times material hereto was in the employ of the Government of the Virgin Islands and driving a government vehicle, or while operating said government vehicle, the defendant Elmo D. Roebuck was acting outside the scope of his employment.

While the magical words of 33 V.I.C. § 3408 that Roebuck was "acting within the scope of his office or employment" are not specifically used, there can be no doubt that that is one of plaintiff's theories. The amended complaint pleads two theories in the alternative, one of which is that Senator Roebuck was acting within the scope of his employment. As defendants know, plaintiff sought and was granted leave to amend his complaint primarily to add the alternative ground that the defendant was not acting within the scope of his employment. That motion was filed only after this court denied defendant Roebuck's motion to dismiss the original complaint, which specifically alleged that Senator Roebuck "at all times material hereto was in the employ of the Government of the Virgin Islands and driving a government vehicle." Roebuck moved to dismiss that complaint, contending he was immune from suit because it was alleged he was acting within the scope of his employment and because the Tort Claims Act did not waive his immunity, which he argued was bestowed by Section 2(b) of the Revised Organic Act of 1954, prec. 1 V.I.C., 48 U.S.C. § 1541(e) (1970). That motion, of course, had to be denied on the basis of Davis v. Knud Hansen Memorial Hospital, 17 V.I. 623, 635 F.2d 179 (3d Cir. 1980).

in this jurisdiction. This court in an analogous situation in Creque v. Roebuck, 16 V.I. 197 (Terr. Ct. 1979), aff'd, Civil No. 79-110 (D.V.I. St. Thomas and St. John, July 18, 1979), rejected the Legislature's argument that Section 2(b) of the Revised Organic Act of 1954, which authorizes suits against the Government based upon contracts, applied only to contracts entered into by the executive branch and not to contracts with the legislative or judicial branches. Section 2(b), though, has two distinct clauses. The first clause includes a blanket waiver of any immunity of the Government in causes arising out of a contract, while the second clause provides that the Government may not be sued for torts without the consent of the Legislature.[2] Creque v. Roebuck concerned the first clause and suits against the Government in contract actions. Consequently, it has no application to this case because clause two deals with the liability of the Government for torts, and that liability, pursuant to Section 2(b), could not be waived without the consent of the Legislature.

Consequently, the question is to what extent the immunity of the Government was waived by the Legislature when it enacted the Tort Claims Act. Specifically, did enactment of the Tort Claims Act constitute only a waiver of immunity by the Government for executive branch employees, or did the waiver also include the other branches of the Virgin Islands Government, specifically, the legislative and judicial branches?

The waiver of immunity by the Government is embodied in 33 V.I.C. § 3408, which, in pertinent part, provides:

> The Government of the Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the Virgin Islands while acting within the scope of his office or employment, under circumstances where the Government of the Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

It is clear that this section does not specifically define "employee of the Government of the Virgin Islands," nor does any other section

---

[2] Section 2(b) provides:

   The government of the Virgin Islands shall have the power set forth in this Act and shall have the right to sue by such name and in cases arising out of contract, to be sued: Provided, That no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the Legislature constituted by this Act.

of the Act that was adopted by the Legislature on November 15, 1971. The Government, therefore, argues that the court should look to 33 V.I.C. § 3401 (1967), which was in effect at the time of the enactment of the Virgin Islands Tort Claims Act, and which specifically provides:

As used in this chapter, the term—

"Department" includes the executive departments, agencies and other instrumentalities of the Government of the Virgin Islands, but does not include any contractor with the Government of the Virgin Islands.

"Employee of the Government" includes officers or employees of any department and persons acting on behalf of the department in an official capacity, temporarily or permanently in the service of the government, whether with or without compensation.

Since § 3401 and the Tort Claims Act are included within chapter 118 of Title 33 of the Virgin Islands Code, the Government contends the definition embodied in § 3401 should apply to the Tort Claims Act. This court agrees that the definition in § 3401 must be applied because § 3401, by inclusion of the language "as used in this chapter," makes the section applicable to the Tort Claims Act.

As a result, the Government argues that because "employee of the Government" is specifically defined as including "officers and employees of any department," and a "department" is defined as "the *executive* departments, agencies, and other instrumentalities of the Government of the Virgin Islands," the Act applies only to the executive branch. In addition, the Government relies on 33 V.I.C. § 3402 (1967), a part of the Administrative Tort Claims Act. It contends that because the Governor only may settle administrative claims "upon the recommendation of the Attorney General," the Act must be limited to executive branch employees because the Attorney General is limited by 33 V.I.C. § 114(a)(1) (1967) to representing the executive branch of the Government.

Were the court writing on a clean slate, it might be inclined to agree with the Government's analysis. However, a review of the Tort Claims Act and the Administrative Tort Claims Act, 33 V.I.C. §§ 3401–3403, discloses a line of cases that do not support the Government's theory.

As pointed out, the key section of the Virgin Islands Tort Claims Act is § 3408.[3] While the Tort Claims Act primarily was based on

---

[3] See text of § 3408, supra.

the New York Court of Claims Act, 29A Pt. McKinney's Laws, §§ 8–12, section 3408 is a mixture of New York law and the Federal Tort Claims Act with the bulk of it coming from the Federal Tort Claims Act and 28 U.S.C. § 1346(b) (1970).[4] Dublin v. Virgin Islands Telephone Corp., 15 V.I. 214, 222 (Terr. Ct., Div. St. T. & St. J., 1978). Section 3401 of Title 33 of the Virgin Islands Code also was taken from federal law and from still another portion of the Federal Tort Claims Act, specifically, 28 U.S.C. § 2671 (1970).[5]

■ Consequently, since these Virgin Islands statutes have been taken from statutes of another jurisdiction, this court is required to construe the statutes to mean what the highest court of the jurisdiction from which they were taken had, prior to their enactment in the Virgin Islands, construed them to mean. Berkeley v. West Indies Enterprises, Inc., 10 V.I. 619, 625, 408 F.2d 1088, 1092 (3d Cir. 1973); Dublin v. Virgin Islands Telephone Corp., supra. See also, Paiewonsky v. Paiewonsky, 8 V.I. 421, 446 F.2d 178 (3d Cir. 1971); Williams v. Dowling, 4 V.I. 465, 318 F.2d 642 (3d Cir. 1963). Decisions subsequent to the enactment of such statutes in the Virgin Islands are persuasive but not controlling. Cirino v. Hess Oil Virgin Islands Corp., 9 V.I. 518, 384 F.Supp. 621 (D.V.I. 1973); Cintron v. Bermudez, 6 V.I. 692 (D.V.I. 1968); Dublin v. Virgin Islands Telephone Corp., supra; Hendry v. Hendry, 14 V.I. 610 (Terr. Ct. 1978) rev'd on other grounds, Civil No. 1978-13 (D.V.I. St. Croix, November 2, 1978).

The United States Supreme Court, the highest court of the jurisdiction from which the Virgin Islands took its statutes, has not

---

[4] 28 U.S.C. § 1346(b), in pertinent part, provides:

(b) ... the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

[5] 28 U.S.C. § 2671, in pertinent part, provides:

As used in this chapter and sections 1346(b) and 2401(b) of this title, the term—
  "Federal agency" includes the executive departments and independent establishments of the United States, and corporations primarily acting as, instrumentalities or agencies of the United States but does not include any contractor with the United States.
  "Employee of the government" includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.

addressed the issue. Moreover, the decisions of the federal appellate and district courts at the time the Virgin Islands adopted the Tort Claims Act in 1971 were not dispositive and suggest contradictory answers to the issue now before this court.[6]

■ Since then, though, there has not been a plethora of cases, but the better reasoned decisions, and an analysis of those that are contradictory, cause this court to conclude that the more persuasive authority is that when the Legislature enacted the Virgin Islands Tort Claims Act it waived not only the Government's immunity to suit for acts by executive branch employees, but also for acts of employees of the other two branches.

■ There is no question that the definition of a "department" that is contained in § 3401 as well as in federal law is an unsatisfactory one. On its face it leaves doubt as to whether the legislative and judicial branches are covered by its terms. However, since the definition of an "employee of the Government" uses the word "includes" it clearly implies that other government agencies, apart from those which fall within the specifically mentioned categories, were intended to be included by the term "department." This conclusion is supported by the Senate Committee Report explaining the bill that subsequently became § 2671 of Title 28 of the United States Code.

> This section defines the term used in the title and makes it clear that its provisions cover *all* Federal agencies, including Government corporations and *all* Federal officers and employees
> . . . .

S.Rep. No. 1400, 79th Cong. 2d Sess. 31 (1946) (emphasis added).

This same view was expressed by the District Court of the District of Columbia as early as 1961 in connection with injuries to a tourist who fell in the corridors of the Capitol in Washington. Judge Holtzoff in holding that the Federal Tort Claims Act applies to all three branches of the Federal government stated in McNamara v. United States, 199 F.Supp. 879, 880–81 (D.D.C. 1961):

> The Federal Tort Claims Act was a far-reaching reform in jurisprudence. It was the work of many minds over many years

---

[6] Compare Cromelin v. United States, 177 F.2d 275 (5th Cir. 1949), cert. denied, 339 U.S. 944 (1950) (federal district court judge is not within the contemplation of the Federal Tort Claims Act), with McNamara v. United States, 199 F.Supp. 879 (D.D.C. 1961) (Federal Tort Claims Act encompassing liability of the United States for negligent acts of any employee of the government is not limited to executive branch employees).

and unlike other statutes involving governmental immunity to suit in specific matters, this statute should receive and has received a liberal construction.

When we look at the phraseology of the statute it is not limited to the executive branch of the government. It refers to the liability of the United States (28 U.S. Code, § 1346), and to the negligent or wrongful act or omission of any employee of the government. There is no limitation there to the executive branch of the government or to the employees of the executive branch of the government.

It is true, as pointed out by government counsel, that 28 U.S. Code, § 2671, describes the meaning of the term "federal agency." It should be observed that this is not an exclusive definition, but provides that the term "federal agency" shall include certain branches of the government. It is obvious that the purpose of that definition is to make certain that government-owned corporations should be included as branches of the government for the purpose of the Federal Tort Claims Act.

Finally, there is no legislative history indicating any desire or intention to limit the statute in the manner contended in this case. It is the view of this Court that to adopt such a narrow limitation would defeat the beneficient purposes of the statute. For this reason, the court adheres to its ruling that the statute applies to all three branches of the Government.

McNamara is the only reported decision specifically holding that legislative branch employees are included under the Federal Tort Claims Act.[7] Moreover, were the court to rely solely on the federal decisions that concern the applicability of the Act to the judicial branch, the court might be disposed to reach a different conclusion. As early as 1949 the Fifth Circuit in Cromelin v. United States, 177 F.2d 275 (5th Cir. 1949), cert. denied, 339 U.S. 944 (1950), held that members of the judicial branch, specifically judges, are not officers within the contemplation of the Federal Tort Claims Act. A 1975 decision, Foster v. McBride, 521 F.2d 1304, 1305 (9th Cir. 1975), citing Cromelin, further stated that "a federal district judge in trying cases is a member of the independent judiciary and is not under

---

[7] The only other support for this specific holding is found in a 1947 opinion of the Comptroller General, who concluded that the Federal Tort Claims Act does not exclude agencies or employees of the legislative branch and specifically decided that the term "federal agency" includes the Library of Congress, a legislative agency. 26 Dec. Comp. Gen. 891 (1947).

246

the control of the United States. Therefore, he is not an 'employee of the government' as required by 28 U.S.C. § 1346."

That decision is buttressed by Tomalewski v. United States, 493 F.Supp. 673, 675 (W.D. Penn. 1980), which held that judges and their clerks "are under the Judicial Branch of Government pursuant to Article III of the Constitution and are not employees of the United States as defined in the Federal Tort Claims Act," and Foster v. Bork, 425 F.Supp. 1318 (D.D.C. 1977), which held that employees of the Supreme Court were "not amenable to suit under the Federal Tort Claims Act."

This court does not quarrel with the ultimate result of Cromelin v. United States, Foster v. McBride, Tomalewski v. United States, or Foster v. Bork because in each case the judge or employees involved were acting in an official capacity that historically and traditionally has been protected by judicial immunity. See, e.g., Stump v. Sparkman, 435 U.S. 349 (1978). In each of the cases that held judges or court related personnel were not employees under the Federal Tort Claims Act the actions complained of were of a judicial nature, the kind that could be corrected on appeal. Thus, this court believes that based upon the facts Cromelin v. United States, Foster v. McBride, and similar cases were correct in excluding judicial branch employees from coverage under the Act, but that many of the statements of the courts have been too broad. Cf. Albright v. R. J. Reynolds Tobacco Co., 463 F.Supp. 1220 (W.D. Penn. 1979). In fact, this court is persuaded that the recent case of United States v. LaPatourel, 571 F.2d 405 (8th Cir. 1979), on remand, 463 F.Supp. 264 (D.Neb. 1978), aff'd 593 F.2d 827 (8th Cir. 1979), is far more persuasive.

In LaPatourel a federal judge was driving his own car on work-related business, and was involved in a rear-end collision with the plaintiff's vehicle. The district court concluded that judges were not within the coverage of the Federal Tort Claims Act. On appeal, the Eighth Circuit, after undertaking a thorough and comprehensive analysis of the history and purposes of the Act and the cases interpreting it, reversed. The court made a crucial distinction between a federal judge performing an official nonjudicial function as opposed to an act done in a judicial capacity, and concluded that a judge is an "employee of the Government" for tort claims act purposes, and that the Government is liable for torts by a judge performing nonjudicial acts. In reaching its conclusion, the court referred to the Act's legislative history, to the fact that "as a matter of common understanding, federal judges are considered 'employees of the

247

government.'" 571 F.2d at 408, and said that to rule contrary "would ultimately impede Congress' statutory design: efficient redress for victims of governmental torts." 571 F.2d at 409.

This court's decision to give a broad reading to the meaning of the term "employee of the Government" to include not only employees of the executive branch but the legislative and judicial branches as well, also is supported by Dumansky v. United States, 486 F.Supp. 1078, 1090 (D.N.J. 1980), in which it was stated:

> . . . [T]he court notes that the FTCA's definition of employee contemplates a much broader category than those that constitute the federal civil service or the military. The use of the word "includes" in the definition suggests that persons not clearly within the scope of these three categories may nonetheless be covered.

Consequently this court concludes, as the court in LaPatourel, that the definition of "employee of the Government" includes employees not only of the executive branch but of the legislative and judicial branches of the Government of the Virgin Islands. Therefore, when an employee of the legislative or judicial branch is acting in a nonlegislative or nonjudicial capacity within the scope of his or her employment, the Government is not immune from suit.

In this case the court is not confronted with a situation in which Senator Roebuck was acting in his official legislative capacity. While for the purpose of this motion it is conceded that he was acting within the scope of his employment, the fact is that he was driving an automobile, in fact, a Government-owned auto. Clearly, as in LaPatourel, this must be considered a nonlegislative function. To hold that a senator, while driving his automobile from place to place, albeit for official business, was acting in a legislative capacity so as to immunize the Government from suit would be well beyond the intent or purpose of the Virgin Islands Tort Claims Act. To so hold also would totally distort the remedial purposes of the Tort Claims Act, which have been recognized by the District Court of the Virgin Islands as well as the Third Circuit Court of Appeals. Silverlight v. Huggins, 9 V.I. 123, 347 F.Supp. 895 (D.V.I. 1972), rev'd in part on other grounds, 10 V.I. 638, 488 F.2d 107 (3d Cir. 1973).

The remedial purpose of that Act was to provide relief to tort victims after the district court struck down the previous procedure by which the Government could be sued only through special legislation. Thomas v. Government of the Virgin Islands, 8 V.I. 259, 333 F.Supp. 961 (D.V.I. 1971). It seems clear that the legislation was

■■■■■

intended to apply to all branches of the Government. As the Third Circuit pointed out in Silverlight v. Huggins, 10 V.I. at 641, 488 F.2d at 109, Governor Melvin H. Evans in submitting the legislation "voiced his desire to eliminate the then current but questionable practice of special bills and to waive sovereign immunity in *all* tort liability actions against the Government." (Emphasis added.)

## CONCLUSION

Consequently, given the remedial purposes of the Act, its legislative history, and the decisions interpreting the Federal Tort Claims Act upon which 33 V.I.C. § 3408 and § 3401 were patterned, this court concludes that members of the legislative and judicial branches are employees of the Government of the Virgin Islands within the meaning of the Virgin Islands Tort Claims Act, and the motion of the Government to dismiss will be denied.