LOIS SILVERLIGHT and IRWIN SILVERLIGHT, Plaintiffs

v.

JAMES HUGGINS and GOVERNMENT OF THE
VIRGIN ISLANDS, Defendants

Civil No. 39-1972

BRENDAN CONROY, Plaintiff

v.

GOVERNMENT OF THE VIRGIN ISLANDS and
EUGENE H. SMITH, d/b/a SMITTY
MECHANICAL AND RENTAL, Defendants

Civil No. 21-1972

DENISE I. GARCIA, A Minor by
ENRIQUE GARCIA, JR., her natural
father and ENRIQUE GARCIA, JR.,
Individually, Plaintiff

v.

MANNASSAH BUS LINES, INC., IVAN CAESAR, Defendant
and
WILLIAM H. EVANS, JAMES A. EVANS, JR.,
and ELLIOTT LAYFIELD, d/b/a JEBCO
SERVICES; and REGINALD WHYTE,
Defendants, Third Party Plaintiffs

v.

GOVERNMENT OF THE VIRGIN ISLANDS,
Third Party Defendants

Civil No. 262-1971

District Court of the Virgin Islands

August 4, 1972

BIRCH, DEJONGH & FARRELLY, ESQS. (ALEXANDER A. FARRELLY, ESQ., of counsel), St. Thomas, V.I., *for plaintiff*

BAILEY, WOOD & ROSENBERG, ESQS. (FREDERICK D. RO-SENBERG, ESQ., of counsel), St. Thomas, V.I., *for defendant*

NICHOLS & SILVERLIGHT, ESQS. (IRWIN J. SILVERLIGHT, ESQ., of counsel), St. Croix, V.I., *for Third Party Plaintiffs*

RONALD H. TONKIN, ESQ., Attorney General, St. Thomas, V.I., *for Government of the Virgin Islands*, in No. 262-1971

GRUNERT, STOUT & HYMES, ESQS. (JOHN E. STOUT, ESQ., of counsel), St. Thomas, V.I., *for plaintiff*

WARREN M. PULNER, ESQ., Assistant Attorney General, St. Thomas, V.I., *for defendant Government*

BAILEY, WOOD & ROSENBERG, ESQS. (WILLIAM W. BAILEY, ESQ., of counsel), St. Thomas, V.I., *for defendant Eugene H. Smith* in No. 21-1972.

NICHOLS & SILVERLIGHT, ESQS. (IRWIN J. SILVERLIGHT, ESQ., of counsel), St. Croix, V.I., *for plaintiffs*

EDWARD OCEAN, Attorney, St. Croix, V.I., *for defendant Huggins*

WARREN M. PULNER, ESQ., Assistant Attorney General, St. Thomas, V.I., *for defendant Government*

CHRISTIAN, *Chief Judge*

OPINION

Third-party defendant, the Government of the Virgin Islands (hereinafter The Government), has moved this court to dismiss the Third Party complaint on the grounds that the complaint fails to state a cause of action and that this court lacks subject matter jurisdiction over the cause. The basis for this motion is a claim of sovereign immunity.

On November 15, 1971, the Legislature adopted new provisions to the Tort Claims Act, Title 33 V.I.C. § 3408 et seq., which waived the sovereign immunity of The Government to tort claims up to a maximum sum of $25,000. Prior to the adoption of these sections, the law had permitted suit against The Government only upon passage of a special act approving such an action as to the individual claimant. On September 2, 1971, however, this court held that procedure invalid and unconstitutional as a denial of equal protection of the laws, and a violation of 48 U.S.C. 1471 (Thomas, et al. v. Govt. of V.I., Div. of St. Thomas and St. John, Civ. No. 213-1971). This decision precipitated the adoption of the new provisions. The present controversy originates in the hiatus between the Thomas decision and the effective date of the new law.

The Thomas opinion held the special legislation approach to tort claims against The Government improper, but its ruling was expressly made prospective only to avoid unfairness to the claimants who had already filed suits pursuant to special legislation. The class of persons injured prior to the adoption of the new law, who had not initiated law suits by the date of the Thomas decision, however, was left unprotected, and The Government now moves the court to hold the new tort claims act inapplicable to their claims.

█ No mention of the effective date of the act is contained therein and illumination of the legislative intent in that regard requires recourse to the rules of statutory construction. The Government contends that the starting point in this examination is firmly established—laws are to be presumed prospective unless a contrary legislative intent is expressly declared or clearly implied, and ambiguities are to be resolved in favor of prospective effect, People v. Martin, 1 V.I. 140; Phillips v. H.A. Marr Grocery Co., 295 P.2d 765 (1956). Plaintiffs urge that a contrary intent does clearly appear, from the known circumstances prompting adoption of the new law and from the language of surrounding provisions. They also argue that the stated rule does not apply to certain types of legislation, including remedial and curative laws, and that the law in question falls among the excepted areas of legislation. Finally, plaintiffs suggest that the law must be found retroactive in effect to avoid an unconstitutional result.

There can be no question that The Government's summary of the general rule in this area is accurate, and only clear implication of a contrary intent can avoid the prospective effect for which it contends. Plaintiffs believe that such an implication arises from the fact that other provisions in the Act include specific reference to the date from which the legislature desired the statute to run, and fail-

ing such a limitation in § 3408, an intent that this law should be generally applicable is readily to be inferred. However, the two sections which plaintiffs cite in this regard do not necessarily support the syllogism they would fashion. Section 3402 passed in June, 1961, allowed settlement of claims against The Government of up to $1,000, and that section states that it applies only to claims accruing on or after July 1, 1961. Section 3405 passed in July, 1969, which allows payment for losses from storm, provides that it is effective on or after May 1, 1969. I note that both of these sections specify effective dates other than the date of adoption. It is reasonable to conclude that these dates were included to avoid the general principle of strict prospectivity, because their actual effect was to vary that rule. Contrary to plaintiff's reasoning, therefore, I think these provisions lend support to the general rule by confirming that, where the legislature desired to have a law take effect on a date other than the date of adoption, it specifically so provided.

██ Because, as plaintiffs note, the Thomas decision was before the legislators and they were aware of its effective date, the fact that a class of persons would be excluded under the statute as drawn cannot suffice to overcome the presumption against retroactive effect, particularly in light of the other sections discussed above. The apparent unfairness to the class of which plaintiffs are members is no greater than that imposed by the law on persons who fall on the wrong side of ubiquitous legal cut off dates required to make the law manageable, and while as a matter of personal judgment, one might have made a different decision than the legislators on the question, such a consideration can have no part in this decision.

██ Turning to plaintiffs contention that the law in question is solely remedial in nature, and accordingly the general rule here discussed does not control, (see e.g.,

Malone v. Conner, 189 N.E.2d 590 (1963), it must be shown that the statute creates no new rights but merely a new or expanded remedy for an existing right. Plaintiffs consider § 3402 the basic waiver of sovereign immunity, and treat § 3408 as a mere expansion of the right previously conferred. Section 3402 provides in pertinent part:

"The governor, acting on behalf of the Government of the Virgin Islands, may, upon the recommendation of the Attorney General, consider, ascertain, adjust, determine and settle any claim against the Government of the Virgin Islands accruing on or after July 1, 1961, for injury or death caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his office or employment, under circumstances where the Government of the Virgin Islands, if a private person, would be liable to the claimant. . . ."

This provision does not purport to waive the sovereign's immunity or to create a cause of action. The paragraph and those which follow it merely systematize the government's admitted privilege to evaluate minor claims for damages and compromise them. There is no right to resort to the courts, and I cannot agree that § 3408 simply increases the remedy for a right already granted by § 3402.

■■ Plaintiffs also view the statute as "curative", a second characterization which negates the presumption against retroactivity, and in this respect their position is stronger. "Curative" legislation, however, does not include any law which happens to have as its purpose the rectification of a previously existing inequity. Rather it is limited to laws which are intended to permit the accomplishment of a previously enacted design, which has failed to achieve its expected legal consequences by reason of some statutory inadequacy or irregularity. See e.g., State v. Westling, 130 N.W.2d 109. In light of the circumstances surrounding the adoption of § 3408 following the invalidation of the pre-existing scheme for compensation of tort victims, it appears that § 3408 was designed to cure an

129

unexpected failure of the prior law to achieve its purpose, and as such, it is not controlled by the presumption against retroactivity. On the contrary, many courts take the position that such legislation should be presumed to operate retrospectively to accomplish in the fullest possible way the corrective objectives, particularly where, as here, the reason for the enactment extends to past events. In re Robinson's Claim, 207 N.Y.S.2d 297 (1960); Peo. v. Cornish, 250 N.Y.S.2d 233 (1964).

Applying that rule to this provision, I am satisfied that the law should be given retroactive effect in order to achieve the curative objectives which the legislature sought to effectuate by this enactment. For this reason I need not reach the Constitutional issues raised by plaintiffs in their brief.

For the foregoing reasons, the motion of the third party defendants will be denied.