935 F.2d 714
 Ronald HARRISON, Plaintiff-Appellee,
v.
OTIS ELEVATOR COMPANY, Defendant-Appellant-Cross-Appellee,
v.
INDUSTRIAL INDEMNITY INSURANCE COMPANY, Intervenor-Appellee,
v.
HIGHLANDS INSURANCE COMPANY, Intervenor-Appellee-Cross-Appellant.
 No. 90-3264.
 United States Court of Appeals,
Fifth Circuit.
 July 17, 1991.
 
 C. Edgar Cloutier, John K. Leach, Christovich & Kearney, New Orleans, La., for Otis Elevator Co.
 Herbert A. Cade, Cade, Jones & Collins, New Orleans, La., for Harrison.
 Jan P. Jumonville, Ward & Clesi, New Orleans, La., for Indus. Indem. Ins. Co.
 Daniel A. Webb, L. Gerome Smith, New Orleans, La., for Highlands Ins. Co.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before REAVLEY, HIGGINBOTHAM, and DUHE, Circuit Judges.
 DUHE, Circuit Judge.
 
 
 1
 We are asked, in this appeal, to find error in the district court's refusal to grant a directed verdict or judgment notwithstanding the verdict because (1) a proper risk-utility analysis was not conducted, and (2) prior notice of a risk was never proven. Alternatively, we are asked to grant appellant a new trial because of procedural failings and evidentiary deficiencies. Additionally, intervenor appeals the district court's refusal to allow it the recovery of weekly compensation benefits paid out. We affirm.
 
 FACTS AND PROCEEDINGS IN THE DISTRICT COURT
 
 2
 Appellee, Ronald Harrison, a hotel security supervisor at Le Meridien Hotel, was injured on two separate occasions while testing the operation of a passenger elevator manufactured and maintained by appellant Otis Elevator Company (Otis). Abrupt, unscheduled stops during the elevator's descent knocked Harrison against the elevator wall. Harrison filed suit in Louisiana state court but Otis removed the action to federal court. Highlands Insurance Company, the hotel's worker's compensation insurer, intervened to recover compensation benefits and medical expenses paid to Harrison.
 
 
 3
 Otis unsuccessfully moved for a directed verdict. A jury found Otis's negligence to be the proximate cause of Harrison's injuries, and damages were awarded to reflect future medical expenses, future lost wages, and pain and suffering. Otis then unsuccessfully moved for a judgment notwithstanding the verdict and a new trial. The court granted and Harrison accepted a remittitur reducing his award for future medical expenses. Highlands unsuccessfully moved to alter or amend the district court judgment. This appeal followed.
 
 I.
 
 4
 Otis contends that the district court erred in refusing to grant it a directed verdict or a judgment notwithstanding the verdict. Our standard of review with respect to motions for directed verdict and for judgment notwithstanding the verdict is based on the principle that "it is the function of the jury as the traditional finder of fact, and not the Court, to weigh conflicting evidence...." Boeing Co. v. Shipman, 411 F.2d 365, 375 (5th Cir.1969) (en banc). Accordingly, these motions are inappropriate to reverse a jury's decision unless consideration of all of the evidence and inferences favorable to the nonmoving party convinces the Court that no reasonable jury could arrive at a contradictory verdict. Id.
 
 
 5
 Otis contends that this case should never have been submitted to the jury because the district court, as a threshold matter, should have conducted a risk-utility analysis to determine whether the elevator presented an "unreasonable risk of harm" at the time of Harrison's injury. See Matthews v. Ashland Chemical, Inc., 770 F.2d 1303 (5th Cir.1985); Entrevia v. Hood, 427 So.2d 1146 (La.1983). We conclude from the record that the district court did consider whether the risk created by Otis was justified. The district court noted that the utility of an elevator, especially to a hotel, was significant, but that the risk of harm presented by an elevator that operated erratically posed an unreasonable risk of harm. This risk of harm manifested itself in Harrison's injuries.
 
 
 6
 Otis erroneously argues that it cannot be liable for injuries resulting from a safety mechanism that operates properly and within code specifications[1] despite the fact that the misconduct triggering the safety mechanism stems from Otis's negligence. In failing to properly maintain the elevator pursuant to a written contract, Otis's negligent conduct could properly be determined to be the cause of appellee's injuries. See Campbell v. Otis Elevator Co., 808 F.2d 429, 435 (5th Cir.1987) (applying Louisiana law); Rosell v. Esco, 549 So.2d 840, 849 (La.1989). The testimony of plaintiff's expert, Dr. Robert Cosgrove, supported the jury's verdict. Dr. Cosgrove testified that Otis never properly repaired the elevator despite receiving a number of complaints. Whether Otis's inability to adequately correct the elevator's malfunction amounted to negligence was a question for the trier of fact. Significant evidence was adduced to support a finding for either party. However, because there is substantial evidence in the record supporting the jury's verdict, appellant's motions for directed verdict and JNOV were properly denied. See Boyle v. Pool Offshore Co., 893 F.2d 713, 715-16 (5th Cir.1990); Boeing, 411 F.2d at 373-75.
 
 II.
 
 7
 Alternatively, Otis contends that the district court erred in not granting it a new trial. Otis argues that a new trial was warranted because (1) the district court failed to define "unreasonable risk of harm" in its jury instructions, (2) the jury awarded future wage losses despite evidence that Harrison was likely to be able to return to work, and (3) confusion among jurors regarding excluded evidence negated the possibility of a fair trial.
 
 A. Jury Instructions
 
 8
 The standard for reviewing an instruction is whether the jury was misled in any way and whether it had an understanding of the issues and its duty to determine those issues. Sandidge v. Salen Offshore Drilling Co., 764 F.2d 252, 261 (5th Cir.1985). "The function of the reviewing court with respect to instructions is to satisfy itself that the instructions show no tendency to confuse or to mislead the jury with respect to the applicable principles of law." Rohner, Gehrig & Co. v. Capital City Bank, 655 F.2d 571, 580 (5th Cir. Unit B 1981) (citing 9 C. Wright and A. Miller, Federal Practice and Procedure: Civil Sec. 2558 (1971)). No harmful error is committed if the charge viewed as a whole correctly instructs the jury on the law, even though a portion is technically imperfect. Sandidge, 764 F.2d at 262. The trial court has broad discretion to compose jury instructions, as long as they are fundamentally accurate and not misleading. Gates v. Shell Offshore, Inc., 881 F.2d 215 (5th Cir.1989). This wide discretion enables district judges to select their own words and to charge in their own styles. Sandidge, 764 F.2d at 262.
 
 
 9
 "[I]f a jury charge misstates substantive state law and thereby prejudicially misleads the jury, the judgment may be reversed.... [However e]ven though state substantive law dictates the content of the charge, federal law governs the phrasing of the instructions and the sufficiency of the evidence to support the charge." Campbell v. Otis Elevator Co., 808 F.2d 429, 431 (5th Cir.1987) (citations omitted).
 
 The jury was charged, in part, as follows:
 
 10
 Did the defendant owe a duty to the plaintiff, that is, did the defendant owe the plaintiff a duty to take reasonable steps to protect him from an unreasonable risk of harm of which the defendant knew or should have known?
 
 
 11
 The charge requested by Otis was as follows:
 
 
 12
 In determining whether a condition in an elevator presents an unreasonable risk of harm, you should consider the purpose which the elevator serves, its utility, and effectiveness for that purpose, the likelihood that the elevator would cause harm, the severity of harm that it was likely to cause, and the social utility of the elevator in the condition it was in when it was in the hands of its manufacturer.
 
 
 13
 We conclude that the charge submitted by Otis would have been improper. It would have wrongly diverted the jury's attention from appellant's negligent failure to properly maintain the elevator. Consequently, the district court correctly refused to give the requested instruction. See Pierce v. Ramsey Winch Co., 753 F.2d 416, 425 (5th Cir.1985).
 
 B. Future Wage Losses
 
 14
 Next, Otis argues that a new trial was warranted because Harrison's award of future lost wages failed to take into account the likelihood of his being able to return to his former employment. At trial, Harrison's economic expert determined his future wage loss to be $275,078 if he was unable to reenter the work force. The evidence adduced at trial indicated that it was not a foregone conclusion that Harrison would be able to return to his former position. Rather, it indicated that Harrison would, even if later surgery was successful, remain partly restricted in his physical abilities. Whether he could return to his former employment or enter the work force at all might then hinge on the success of additional surgery and of a recuperative period. Consequently, it was within the jury's province to determine whether, and to what extent, Harrison would incur future lost wages.
 
 C. Fair Trial
 
 15
 Finally, Otis contends that it was deprived of a fair trial by an impartial jury. During deliberations, the jury sent out questions and requests concerning evidence not presented at trial. Specifically, the jury requested repair reports not put in evidence. It also questioned whether other elevators in the hotel were encountering similar problems, a fact not introduced at trial. After the verdict was returned, the district court questioned the jury, and one juror indicated that he would have liked to have been able to question Otis about one particular instance of repair not admitted into evidence. Otis would have us conclude that the jury never adequately understood the court's instructions that it was to decide the case based solely on the evidence introduced. We disagree.
 
 
 16
 The jury's confusion on whether it could obtain, and thus give consideration to, evidence not submitted was properly stewarded by the district court in its reply, which was approved by Otis. We are unwilling to interpret a juror's indication that he would have liked more information to mean that his decision was not properly drawn from the evidence before him.
 
 RETROACTIVITY
 
 17
 Highlands, as worker's compensation insurer for the hotel, intervened to recover weekly compensation benefits and medical expenses. However, because the jury award included no damages for past wage loss, the district court allowed Highlands to recover past medical expenses and a credit for future medical expenses, but not any weekly benefits paid out to Harrison. See Brooks v. Chicola, 514 So.2d 7 (La.1987) (in which the Louisiana Supreme Court, interpreting LSA-R.S. 23:1103, held that the legislature intended to allow worker's compensation intervenors to recover sums paid as weekly compensation benefits only from that portion of a damage award itemized as "lost past wages").
 
 
 18
 By Acts of 1989, No. 454, Sec. 4, the Louisiana legislature overruled Brooks. That legislation amended LSA-R.S. 23:1103 by adding, among other changes, Subsection B which provides:
 
 
 19
 B. The claim of the employer shall be satisfied in the manner described [in subsection A(1) from the first dollar of the judgment without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.
 
 
 20
 Highlands argues that although the effective date of the amendment was January 1, 1990, it should be applied retroactively[2] to permit Highlands to recover the full amount of its claim.
 
 
 21
 It is well settled that legislation that is interpretive, procedural, or remedial must be applied retroactively, while substantive amendments are given only prospective application. See Hawn Tool Co. v. Crystal Oil Co., 514 So.2d 636 (La.App.Ct.1987); Green v. Liberty Mutual Ins. Co., 352 So.2d 366 (La.App.Ct.1977), writ denied, 354 So.2d 210 (La.1978). "Substantive acts are generally defined as those which create, confer, define, or destroy rights, liabilities, causes of action, or legal duties. Procedural acts describe methods for enforcing, processing, administering, or determining rights, liabilities, or status." McCoy v. Otis Elevator Co., 546 So.2d 229, 232 (La.App.Ct.1989) (citation omitted). The amendment at issue is substantive in nature, affecting vested rights, and as a consequence the district court's refusal to apply it retroactively was proper. Harris v. Ballanshaw, 576 So.2d 602, 604 (La.App.Ct.1991) (in which the court, pursuant to the direction of its enabling act, applied LSA-R.S. 23:1103(B) prospectively from January 1, 1990, in limiting an intervening employer's reimbursement recovery from third-party tort-feasors to lost wages and medical expenses). See also Manuel v. American Indem. Co., 368 So.2d 1200, 1202 (La.App.Ct.1979).
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 Evidence was adduced that the elevator brake operation was within "industry standards" set out in the American National Standard Institute (ANSI) A17.1 Safety Code for Elevators and Escalators relating to the activation of elevator brakes and its impact on the elevator's deceleration
 
 
 [2]
 Harrison suffered his injuries on August 23 and December 6, 1985 and filed this suit in August of 1986