**ANGEL RICHARDS, Petitioner**

**v.**

**VIRGIN ISLANDS, LUIS S. LLANOS in his capacity as Commissioner of Labor, and PUEBLO INTERNATIONAL, INC., Respondents**

Civil No. 518/1994

Territorial Court of the Virgin Islands

Division of St. Thomas and St. John

March 26, 2001

PEDRO K. WILLIAMS, ESQ., Law Offices of Frazer & Williams, St. Thomas, U.S.V.I., *for Plaintiff*

BENNETT CHAN, ESQ., of counsel, Dudley, Clark & Chan, St. Thomas, U.S.V.I., *for Defendant, Pueblo International, Inc.*

PAUL PACQUIN, ESQ., DEPARTMENT OF JUSTICE (St. Thomas, U.S.V.I., *for the Government of the Virgin Islands*

HODGE, *Judge*

## MEMORANDUM AND ORDER

### (March 26, 2001)

Before the Court is Petitioner Angel Richards' Writ of Review, whereby the Court has reviewed the decision of the Department of Labor dismissing his wrongful discharge claim for lack of subject matter jurisdiction. This Court, having reviewed the Petition, supporting documents, the record of the proceedings below, and the relevant statute, is satisfied that the Department of Labor Orders, dated August 5, 1994 and May 16, 1994, should be VACATED.

### FACTS

Petitioner was employed by Pueblo International, Inc., (Pueblo) as a grocery clerk on October 23, 1981. At the time he was hired, Petitioner executed a document entitled "Employment Contract." In 1983, Petitioner was promoted to the position of grocery manager, which he held until September 13, 1989 when he was terminated. At the time of his termination, Petitioner had been working for Pueblo for almost eight years.

Petitioner filed an action for wrongful discharge with the Department of Labor on October 10, 1989 seeking reinstatement. In response, Respondent Pueblo filed a Motion to Dismiss for lack of subject matter jurisdiction which was granted by Order, dated May 16, 1994 (i.e. over four and one-half years after the case was filed).

In their Motion to Dismiss, Respondents relied on a long series of decisions from the Department of Labor and the Territorial Court, holding that, where a valid employment contract exists, a case is removed from the governance of the Wrongful Discharge Act (WDA), 24 V.I.C. § 76. Thus, Respondents argued, Petitioner could not rely on the WDA, in either the Department of Labor, or in the Territorial Court, because the proper remedy was an action for breach of contract. Further, Respondents pointed out, the Department of Labor does not have jurisdiction over breach of contract claims.

In accordance with Respondents' argument, the Department of Labor, granted Respondents' motion to dismiss, citing *Pueblo International, Inc., v. Luis S. Llanos, Sr.*, slip op., Civil No. 843/1992 (St. C. Terr. Ct.), and finding that it was without jurisdiction to hear the matter. A subsequent Motion for Reconsideration was Denied and the case was Dismissed with Prejudice, hence, Petitioner's Petition for Writ of Review.

## DISCUSSION

■ The Wrongful Discharge Act, provides that "unless modified by *union* contract" an employer may dismiss an employee for any of the nine reasons enumerated. 24 V.I.C. § 76, Amended Feb. 21, 1996, No. 6092, Sess. L. 1996, p. 8. However, prior to 1996, and at the time that the Department of Labor was reviewing this case, the statute read "unless modified by contract." The 1996 amendment, adding the word 'union' before the word 'contract,' was an attempt by the Legislature to clarify its original intention; namely, that all employees are protected by the WDA, unless they are represented by a union.

At the time of its decision, the Department of Labor was considering the statute as it existed in 1994. In other words, at the time of the Department of Labor hearing, the statute precluded consideration of any case involving an "employment contract," but today it only precludes consideration of those cases involving "union contracts." Thus, the issue presented is whether the Court should apply this 1996 amended statute to the Petitioner's case which was decided before the statute was amended. Simply, it is a question of whether the Legislature intended to benefit employees who had appeals pending at the time of the Amendment.[1]

In general, a reviewing Court is to apply a statute as the statute exists at the time the appellate court renders its decision. *Danbury, Inc. v. Olive,* 820 F.2d 618 (3rd Cir. 1987) (Court of Appeals must apply the law in effect when it resolves an appeal, and the Court will apply a statute passed after decision in the trial court if that law is a valid enactment.). In other words, a court must apply the law, as it is, when making a decision rather than looking to the law as it was.

*This general rule is particularly true where an amendment clarifies,* rather than changes, the exiting law. *Id. See also In re Eastport Associates,* 935 F.2d 1071 (9th Cir. 1991); *Rivers v. Roadway Exp., Inc.,* 114 S. Ct. 1510, 511 U.S. 298, 128 L. Ed. 2d 274 (1994); *Central Kansas Credit Union v. Mutual Guar, Corp.,* 102 F.3d 1097 (10th Cir. 1996); *Harrison v. Otis Elevator Co.,* 935 F.2d 714 (5th Cir. 1991). Thus, with the exception of a few isolated cases, "in all other cases regarding the enactment, amendment, or repeal of a particular state [or territorial] statute while a case involving an issue affected by the statute was

---

[1] Significantly, we need only consider the effect of the amendment on this case which was *pending appeal* at the time the statute was revised.

pending appeal, the Supreme Court has held that the enactment, amendment, or repeal was applicable to the case" under state or territorial law. *See* 108 L. Ed. 2d 1061, § 2a (1999).

In this case, the Court is acting as a reviewing, or appellate court. In that respect, we are required to apply the law as it is today. This is true, even where the trial court (or Department of Labor) applied a different or unamended statute.[2] This result is required, where, as here, it appears that the statutory amendment at issue was intended to *clarify* an existing statute, rather than to effect a change in the law. As Senator Jones explained: "our workers have been exploited because of *unclear language in the present statute.*" *Regular Session Transcript, Part II, February 1, 1996 P. 24* (emphasis added). Further, he noted that "this amendment simply attempts to *clarify* the code and say exactly what we mean, that any modification that must come, it must be in a union contract (sic)." *Id.*

This result is further supported because the change in this case appears to have been remedial in nature.[3] *See* Committee of Labor Transcripts of Public Hearings, December 15, 1995, statements of Senator Jones *et al.* regarding current employer practice in the Virgin Islands. The Legislature has expressed concern about employers who require employees to sign employment contracts, leaving the employees unprotected by either statute or labor union.[4]

---

[2] Thus, the Court may find that the Department of Labor's decision is contrary to the law, as it stands, even though the Department did not have the benefit of the Legislative clarification by amendment.

[3] Ordinarily, laws are presumed to be prospective. However, where a statute is remedial in nature, it may be applied retroactively. *See Silverlight v. Huggins,* 347 F. Supp. 895, 9 V.I. 123 (D.V.I. 1972). A remedial, or curative, statute is one that attempts to accomplish a previously enacted design, which has failed to achieve their expected legal consequences by reason of some statutory inadequacy. *Id.* Many courts take the position that such legislation should be presumed to operate retroactively to accomplish as fully as possible the statutes objectives. 9 V.I. at 130. It is an accepted rule of statutory construction that remedial statues should be construed to avoid any unjust result which would be unjust to the persons for whose protection the statute was adopted. *Carmona v. De Jongh,* 3 V.I. 281, 157 F. Supp. 540 (D.V.I. 1957). Where there is doubt about a statute, the Courts may look into the reasons which induced the act in question, the "mischiefs intended to be remedied" and the purpose of the statute. *In re Allen,* 1 V.I. 540 (1985).

[4] The senator also expressed concern about "yellow dog contracts." A yellow dog contract is an employment practice by which the employer requires the employees to sign an agreement promising not to join a union and that he will be discharged if

■ Thus, applying the law as it is today, the Petitioner may bring a claim for wrongful discharge under the WDA unless the grounds for lawful termination have been modified by union contract. In this case, there has been no mention of a union contract, to the contrary, it appears that Petitioner entered into an agreement with Pueblo directly. Thus, the issue of whether he was terminated wrongfully is governed by 24 V.I.C. § 76, as amended, and may be decided by the Department of Labor and/or this Court. The Court is satisfied that the Department of Labor has subject matter jurisdiction over this case, and therefore, the matter should not have been dismissed.[5]

However, because it has been well over ten years since Petitioner was terminated, the Court questions whether Petitioner still seeks reinstatement. Therefore, the Court shall direct Petitioner to file a memorandum, addressing the issue of relief sought, in light of this opinion. In addition, an opposing memorandum shall be required from Respondents.

## ORDER

The Court has reviewed the substance of Petitioner's Writ of Review, accompanied by its supporting documents, and after consideration and due deliberation it is hereby

ORDERED, that the Department of Labor Orders, dated May 16, 1994 and August 5, 1995, dismissing Petitioner's case and are VACATED; and, it is further

ORDERED, that Petitioner shall file a memorandum of law, together with points and authorities, within thirty days after the signing of this

---

he does. Such contracts are prohibited under federal law, and in most states. *See* BLACK'S LAW DICTIONARY, 6th Ed. (1991). By amending the statute, the Legislature ensured that, even employees who do not join unions will be protected from wrongful termination.

[5] Even if this Court were not to apply the statute as amended, the Pueblo's' argument would still fail because the amendment is highly relevant to interpreting *the prior statute. Marsh v. Government,* 431 F. Supp. 800, 13 V.I. 585 (D.V.I. 1977). It is well settled that subsequent legislation declaring the intent of an earlier statute is entitled to great weight. *Id.* Thus, even if the amended legislation was not applied to this case, the amendment still provides evidence of the proper interpretation of the pre-1996 statute's language, in other words, the term "contract" in the pre-amendment statute should have been interpreted to mean "union contract."

Order and, that Respondent shall file an opposing memorandum, together with points and authorities, within twenty days thereafter; and, it is further

ORDERED, that copies of this Order shall be directed to the parties' counsel of record.