**NANYAMKA TAHIRA THOMPSON, Petitioner**
**v.**
**GLEASON EZEKIEL THOMPSON, SR., Respondent**

Family No. ST-13-DI-107
Superior Court of the Virgin Islands
Division of St. Thomas and St. John
February 19, 2016

HENRY C. SMOCK, ESQ., *For the Petitioner.*

GEORGE M. MILLER, ESQ., *For the Respondent.*

WATLINGTON, *Judge*

## MEMORANDUM OPINION

### (February 19, 2016)

This matter is before the Court on Petitioner's oral motion for retroactive application of Title 16 V.I.C. § 109(a)(7).[1] The parties were ordered to brief the issue. Respondent filed a Memorandum Re: Certain Marital Assets on December 9, 2015 and Petitioner filed an Opposition thereto on December 10, 2015.

## FACTUAL BACKGROUND

The Petitioner filed her Verified Petition for Divorce on September 18, 2013 alleging, *inter alia*, that there is real property to be distributed by the Court. The Respondent filed his Answer and Counterclaim on October 3, 2013 alleging that neither of the real properties owned by the parties at 2-18 Estate Bonne Esperance, St. Thomas V.I. and 206 Hospital Ground, St. Thomas, V.I., were the parties' marital abode. The Petitioner affirmed this in her Answer to the Counterclaim on October 9, 2013.

---

[1] Petitioner's motion was made during a status conference held on November 9, 2015.

At the time the Petition for Divorce was filed, Title 16 V.I.C. § 109 limited the court's jurisdiction in divorce actions to matters of custody, child support, maintenance, and distribution of personal property. Additionally, Title 33 V.I.C. § 2305(d) extended the divorce court's authority to distribute only the marital homestead.[2] However, on December 19, 2014, during the pendency of this matter, Act No. 7702 amending Title 16 V.I.C. § 109 became law. The legislation added Subsection (7) to provide "for the award to the parties [in a divorce] of all marital property, in accordance with principles of equitable distribution." Title 16 V.I.C. § 109(a)(7). " '[M]arital property' means all real and personal property acquired by either spouse subsequent to the marriage" that does not otherwise fall within the specified exceptions. *Id.*

## ANALYSIS

The Petitioner seeks for the Court to retroactively apply Title 16 V.I.C. § 109(a)(7), to distribute all of the parties' marital properties, including real property separate and apart from the marital homestead. The Petitioner in her brief asserts, "where no such specific intent is found, a statute may be retrospectively applied if it is remedial in nature." *Virgin Islands ex rel. Suarez v. Suarez*, 24 V.I. 3, 8 (V.I. Terr. Ct. 1988); *Silverlight v. Huggins*, 347 F. Supp. 895, 9 V.I. 123, aff'd, 10 V.I. 638, 488 F.2d 107 (3d Cir. 1973). The Petitioner alleges that Title 16 V.I.C. § 109(a)(7) remedies the exclusion of other marital real property, not considered the marital homestead. The Respondent contends that the amendment to Title 16 V.I.C. § 109 is not remedial but jurisdictional; therefore, it should be applied prospectively.

■ The Territorial Court held that "[a] statute is presumed to be prospective only and will not be applied retroactively in the absence of

---

[2] Title 33 V.I.C. § 2305(d) provides, "in the case of a divorce, the court which grants it shall make disposition of the homestead in accordance with the equity of the case." *Knowles v. Knowles*, 354 F. Supp. 239, 9 V.I. 360, 366 (D.V.I. 1973). The Court in *Knowles* noted that subsection 2305(d) "appears in the Title on 'Taxation and Finance', and its general import is to provide a measure of tax relief to homeowners." *Id.* at 367. "It might thus appear an anomalous place to locate a provision on divorce-court jurisdiction." *Id.* Yet, "by its terms this section empowers the court to make disposition of the 'homestead' — meaning the abode itself — rather than of the 'homestead exemption.' " *Id.* "[T]he local Rules of Construction provide that the location of a provision within the Code is not determinative, and that it should not defeat an otherwise clear substantive provision which may have simply been assigned to an improper Title." *Id.*

clear legislative intent." *Suarez*, at 10; *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S. Ct. 407, 74 L. Ed. 2d 235 (1982). In *Suarez*, the Court found the Government's action under Title 16 V.I.C. § 367(a),[3] in attaching Suarez's bank account to satisfy child support arrears pursuant to an order dated October 2, 1979, was permissible. The Court trounced the presumption against retroactivity stating, "[a]lthough [Title 16 V.I.C.] § 367 is not specifically made retroactive, it is patently remedial legislation whose purpose is to facilitate the collection of support obligations or, in more rhetorical terms, to make it more likely that children receive the necessities of life from those who brought them into this world." *Suarez*, at 8. The Court further stated, "[a] more compelling remedial purpose can hardly be imagined." *Suarez*, at 8. Furthermore, "[e]ven if § 367 could not properly be considered retroactive, its application to this case nevertheless would be valid." *Suarez*, at 8. Although Suarez became delinquent, his support obligation was imposed by the Court prior to the enactment of § 367. Therefore, he was nevertheless obligated to pay his child support including whatever he owed prior to the enactment of § 367.

Similar to *Suarez*, the amendments to Title 16 V.I.C. § 109 do not change marital real property. Here, the parties own two properties that would be considered marital property prior to the amendment of § 109. However, the divorce court did not have the jurisdiction to distribute all marital properties, only the marital homestead pursuant to Title 33 V.I.C. § 2305(d). This required parties to file additional actions in civil court to distribute marital real property not considered the marital homestead. After the amendment however, all marital real property falls within the jurisdiction of the court in divorce proceedings.

The Court further reviewed the legislative history of Title 16 V.I.C. § 109(a)(7) to determine legislative intent. The Bill Summary for Bill No. 30-0392 is as follows:

---

[3] Title 16 V.I.C. § 367(a), effective January 6, 1987, provides that "[a]ny payment or installment of support under any child support order, whether pursuant to a court order or pursuant to an order entered by a hearing officer, shall be a final judgment by operation of law, with the full force and effect of a judgment of the courts of the Virgin Islands, including the ability to be enforced, on and after the date on which the child support payment installment is due." *Virgin Islands ex rel. Suarez v. Suarez*, 24 V.I. 3, 5 n.1 (V.I. Terr. Ct. 1988). This statute was renumbered in 1998 to Title 16 V.I.C. 376(e)(2), which is enforceable pursuant to Title 3 V.I.C. § 119.

74

The courts, citing to 33 V.I.C. § 2305 (d), have ruled that courts in the Virgin Islands have jurisdiction to distribute only the material homestead and personal property in a divorce proceeding. Title 33 V.I.C. § 2305 (d) provides in pertinent part that "in the case of a divorce, the court which grants it shall make disposition of the homestead in accordance with equity of the case.

**There is no other provision in the Code which addresses the distribution of other marital real property. The intent of this bill is to confer jurisdiction on the divorce courts to distribute other property acquired by the parties subsequent to the marriage, with the exception of certain properties that should under principles of equitable distribution be excluded from distribution as marital property.**

Bill No. 30-0392 (2014); as enacted Act No. 7702 (2014) (emphasis added).

■ The Respondent is correct in stating that § 109(a)(7) is jurisdictional. The Legislature clearly expanded the jurisdiction of the court in divorce matters to distribute all marital property. It is also clear from the Bill Summary that Title 16 V.I.C. § 109(a)(7) is remedial and intended to close a loophole in the law that required parties to a divorce action to seek a distribution of marital real property, other than the marital homestead, in a separate civil proceeding. It is conceivable that the law was amended to streamline the process of distributing marital real property to require only one court's participation for greater judicial and economic efficiency.[4] Applying Title 16 V.I.C. § 109(a)(7) retroactively appears rational, practical and valid under the law. So long as retroactive application of the change is rationally related to a legitimate legislative purpose, the constraints of due process have been honored. See *Kopec v. City of Elmhurst*, 193 F.3d 894 (7th Cir. 1999).

■ However, the retroactive effect must be considered. The Respondent relied on *Bramble v. V.I. Port Auth.*, which cited the United States Supreme Court's two-part test in *Landgraf v. USI Film Prods.*,

---

[4] The family court incorporates, and at times merges, settlement agreements into divorce decrees, which often include provisions to distribute all marital real property. Prior to the amendment to § 109, the family court did not have the jurisdiction to enforce those provisions of the agreement concerning other marital real property, not considered the marital homestead.

511 U.S. 244, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994) to determine when retroactivity is appropriate:

> When a case implicates a [statute] enacted after the events in the suit, the court's first task is to determine whether [the Legislature] has expressly prescribed the statute's proper reach. If [the Legislature] has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear [legislative] intent favoring such a result.

*Bramble v. V.I. Port Auth.*, 2015 V.I. LEXIS 37, at *12 (V.I. Super. Ct. Apr. 10, 2015); quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994).[5] In *Bramble*, the Plaintiff filed her action for damages against Virgin Islands Port Authority ("VIPA") for injuries allegedly sustained during a slip and fall in the bathroom of Cyril E. King Airport in September 2006, during a time when there were no statutory limits on damages. *Id.* 2015 V.I. LEXIS 37 at **2-3. In 2013, the Legislature amended Title 29 V.I.C. § 556 placing a cap of $75,000 on damages or judgments against VIPA for negligence.[6] *Id.* 2015 V.I. LEXIS 37 at *3. The legislation provided no effective date or retroactive date. On

---

[5] Third Circuit Court of Appeals also followed *Landgraf* in *Iles v. de Jongh*, 638 F.3d 169, 55 V.I. 1251 (3d Cir. 2011). After determining that the language of the amendment did not expressly proscribe retroactivity, the Court found that applying the new definition of "regular employee" pursuant to the amendment of Title 3 V.I.C. § 530 would have a retroactive effect on Governor de Jongh, which "would . . . expand liability for past conduct and impose new duties on de Jongh with respect to completed transactions by requiring him to reinstate Gerard and Iles, provide them with notice and a hearing, and make a showing of cause before terminating them." *Iles v. de Jongh* at 176-77. The Court further stated that "applying the new definition of a "regular" employee to Gerard and Iles would conflict with 'considerations of fair notice [to de Jongh]' and frustrate de Jongh's 'reasonable reliance [on the existing statute], and settled expectations . . .' that he was permitted to terminate Gerard and Iles without cause or a hearing." *Id.* at 177; [*Landgraf*] at 270.

[6] Title 29 V.I.C. § 556 was initially enacted pursuant to Act. No. 2375 (1968). Act. No. 6391 (2000) amended § 556 to add subsection (c) and (d), which provided a cap of $25,000 on damages or judgments levied against VIPA for negligence, except in cases of gross negligence. On December 15, 2005, the Legislature enacted Act. No. 6732, which repealed

October 21, 2014, VIPA filed a Motion for Partial Summary Judgment requesting that the Court cap damages pursuant to the amendment. *Id.* 2015 V.I. LEXIS 37 at *3. VIPA's motion raised the issue of retroactivity. *Id.* 2015 V.I. LEXIS 37 at *4.

The Court in *Bramble* found that Act No. 7574 "does not indicate that the amendment was intended to apply retroactively to cases pending at the time of its enactment." *Bramble*, 2015 V.I. LEXIS 37 at *14. "[W]ithin the same Act, the Legislature . . . prescribe[d] retroactive application of a statute by expressly stating that Section 1 of Act No. 7574 would 'take[ ] effect retroactively on November 2, 2005.' " *Id.* It is reasonable to infer "that the Legislature intentionally omitted similar language from Section 14" in its amendment to Title 29 V.I.C. § 556. *Id.*

The Court went on to say, "[i]n the absence of the Legislature's express command . . . , the Court proceed[ed] to determine whether an application of the damages cap . . . would have a retroactive effect." *Id.* "Under *Landgraf*, a statute has a retroactive effect if its application 'would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.' " *Id.*

Although the VIPA asserted that none of the factors triggered the presumption against retroactivity, the Court found that "Bramble's right to recovery is predicated on the . . . statute in place at the time . . . she filed her complaint." *Id.* 2015 V.I. LEXIS 37 at *17. To apply the amendment to Title 29 V.I.C. § 556 retroactively, the $75,000 damages cap would deprive Bramble of "her right to receive damages in an unlimited amount, as determined by the trier-of-fact." *Id.* 2015 V.I. LEXIS 37 at *18. The Court held that "[t]his impairment causes a retroactive effect . . . ," and therefore, it would not apply the statute retroactively. *Id.*

Similar to *Bramble*, Section 1 of Act No. 7702 provides no effective date or proscribes retroactivity, which allows this Court to consider the implication of retroactive application of Title 16 V.I.C. § 109(a)(7), and whether it would have a retroactive effect if applied that would impair any rights, increase liability, or impose new duties.

Here, the parties own two parcels of real property located at 2-18 Estate Bonne Esperance, St. Thomas V.I. and 206 Hospital Ground, St.

---

subsection (c) and (d), leaving VIPA without a cap on damages in cases of negligence until 2013.

Thomas, V.I., neither of which are the marital homestead. Prior to the amendment, the parties were required to file a separate civil action to distribute other marital real property. Section 109(a)(7) now allows this court to adjudicate all issues concerning all marital property, both real and personal, with certain exceptions.

■ Based on the two-part test to determine appropriateness of retroactive application of a statute, this Court finds no retroactive effect. Essentially, there is no impairment of the rights of the parties, increased liability, or imposition of new duties upon the parties. The properties remain the parties' marital real property, where they are already obliged to pay any mortgage, real estate taxes, and bear responsibility for maintenance. In actuality, the retroactive application of Title 16 V.I.C. § 109(a)(7) would be beneficial to the parties as it would reduce the cost of additional litigation. Notwithstanding, any decision of the Court in this matter is based on the facts specific to this case and the applicable law as applied to those facts.

Although the Respondent opposes retroactive application here, he does not allege any adverse retroactive effect, and relies solely on a single statement from *Suarez*, which states, "[a] statute is presumed to be prospective only and will not be applied retroactively in the absence of clear legislative intent." *Suarez*, at 8; as well as the holding of *Bramble*, denying VIPA 's Motion for summary judgment as having a retroactive effect.

A careful analysis of the case law reveals that the facts and circumstances in *Bramble* are distinguishable from the case at bar. Further, retroactive application is consistent with *Suarez*, promotes judicial efficiency, discourages forum shopping, and advances the principles of equity intended by the Legislature.

## CONCLUSION

Based upon the above, the Court concludes that there is no adverse retroactive effect to the parties, that the Legislature provided another remedy to parties in a divorce action, and intended to close the jurisdictional loophole, while consolidating the process for distributing all marital property in a single forum. Thus, this Court shall retroactively apply Title 16 V.I.C. § 109(a)(7), and exercise jurisdiction over all marital property owned by the parties herein.

For the reasons stated in this memorandum opinion, an Order shall issue consistent herewith.